**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 13, 2020.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO. 14-50406-CAG |
| CURTIS HAROLD DEBERRY, | § § | |
| Debtor. | § § | CHAPTER 7 |
| JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | ADVERSARY NO. 14-05044-CAG |
| LESLIE HUNTER DEBERRY, NICOLE ANN DEBERRY, CHANTEL DEBERRY, KATHY DEBERRY, CHERI ANN WHITLOCK, AND CURTIS DEBERRY, | § § § § § | |
| *Defendants.* | § | |

**ORDER REGARDING DEFENDANT CHERI ANN WHITLOCK'S MOTION TO RELEASE MONIES POSTED IN LIEU OF SUPERSEDEAS BOND (ECF NO. 184)**

Came on for consideration Defendant Cheri Ann Whitlock's Motion to Release Monies

Posted in Lieu of Supersedeas Bond (ECF No. 184[1]) (the "Motion"), and Trustee's Response to Motion for Disbursement From Court Registry (ECF No. 190). On June 2, 2020, the Court held a hearing on the Motion. Thereafter, the Court took the Motion under advisement. For the reasons stated herein, the Court finds that the Motion is DENIED.

## PROCEDURAL HISTORY

On February 10, 2014 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 7 in this Court styled *In re Curtis Harold DeBerry,* Case No. 14-50406 (the "Main Case"). (Case No. 14-50406, ECF No. 1). On June 23, 2014, Trustee filed Plaintiff's Original Complaint ECF No. 1) (the "Complaint") Trustee's Complaint sought recovery of a fraudulent transfer against Whitlock for a transfer made from a joint bank account held by Debtor and his non-filing spouse to Whitlock in the amount of $275,000.00 (the "Transfer"). (*Joint Pre-Trial Order*, ECF No. 102). Before trial, the Court granted summary judgment to Trustee, determining that the Transfer can be avoided as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A), 11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 544 and Tex. Bus. & Com. Code § 24.005(a)(1), and 11 U.S.C. § 544 and Tex. Bus. & Com. Code § 24.006(a). (*Order Granting in Part, Denying in Part Trustee's Motion for Summary Judgment*, ECF No. 59). At a trial held on October 13, 2015, the Court determined that Trustee's recovery of the Transfer would not be barred under § 550(d) as a violation of the single satisfaction rule. (ECF No. 104).

The Court entered judgment against Whitlock for $241,500 plus post-judgment interest at the rate of 0.25% per annum. (ECF No. 104). On December 4, 2015, the Court entered its Order Granting in Part, Denying in Part, Plaintiff's Motion for Award of Attorneys' Fees and Costs Pursuant to F.R.C.P. 54 and Local Rule 7054, which awarded Trustee $75,321.81 in attorney's

---

[1] All references to the Docket in Adversary Case No. 14-05044 herein are denoted as "ECF No."

fees and $5,087.59 in costs. (ECF No. 115). Whitlock then filed a Motion to Post Property in Lieu of Supersedeas Bond. (ECF No. 153). The Court entered an Order on May 9, 2016 (ECF No. 168) (the "Registry Deposit Order") allowing Whitlock to deposit $360,000 into the Registry of the Court in lieu of a supersedeas bond. The Registry Deposit Order provides that the deposit would "stay . . . enforcement of any judgment or award of attorney's fees and cost in this action . . . during the pendency of any appeals." (ECF No. 168). On May 10, 2016, the Court ordered the Clerk of Court to deposit the $360,000 into an interest-bearing account at U.S. Treasury CRIS. (ECF No. 169).

Whitlock filed two Notices of Appeal with the District Court regarding the judgment and award of attorney's fees. (ECF Nos. 114, 121). On March 22, 2017, the District Court affirmed the Bankruptcy Court's judgment and award of attorneys' fees and costs. (ECF No. 176). Nevertheless, on December 22, 2019, the United States Court of Appeals for the Fifth Circuit vacated the District Court's decision and remanded the case to the District Court for further determination of whether "the transfers [from Whitlock] to Mrs. DeBerry and MBC really did return the funds to the debtor," and "whether attorney's fees remain appropriate and, if so, in what amount." *Matter of DeBerry*, 945 F.3d 943, 951 n. 3 (5th Cir. 2019). On March 30, 2020, the District Court neither vacated nor reversed the Court's judgment, but instead remanded the case to the Court for "further proceedings in accordance with the opinion of the Court of Appeals." (ECF No. 181).

**PARTIES' CONTENTIONS**

Whitlock argues that, pursuant to the Fifth Circuit's opinion entered December 22, 2019, there is no judgment against her. Whitlock has been without the use of the $360,000 since those funds were entered into the Court's registry on May 10, 2016. (ECF No. 184). Accordingly,

Whitlock requests the Court release and return the funds to her (ECF No. 184).

Trustee argues the Court should deny the Motion because the Fifth Circuit remanded this case for further proceedings, while ultimately leaving the liability and damages findings undisturbed. (ECF No. 190). Trustee argues—unless Whitlock meets her burden under 11 U.S.C. § 550—the Trustee will remain entitled to recover all damages awarded and secured by the $360,000 deposited in the Court's registry ("Deposit"). (ECF No. 190, at 1). Trustee alleges Whitlock received fraudulently transferred funds (ECF No. 190, at 2), had an obligation to return the transferred funds to Debtor (ECF No. 190, at 2), and to date has not proven she has met that burden. (ECF No. 190, at 4). Therefore, Trustee asserts the deposit should remain undisturbed pending the outcome of the proceedings on remand. (ECF No. 190, at 1, 6). Trustee has the better argument.

## DISCUSSION

A supersedeas bond suspends the enforcement of the judgment during appeal, preserving "the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). Typically, the terms of a supersedeas bond are governed by a bond agreement. *Neeley v. Bankers Trust Co. of Tex.*, 848 F.2d 658, 659 (5th Cir. 1988). Here, Whitlock's Deposit[2]—which suspended enforcement of the Judgment and award of attorney's fees—is not accompanied by a bond agreement. Instead, the terms of the Deposit are governed by the Registry Deposit Order. (ECF No. 169, at 1; ECF No. 190, at 2). As such, the Court must first consider whether the Registry Deposit Disorder requires return of the Deposit to Whitlock.

---

[2] Cash deposits into a court registry are viewed as the "functional equivalent" of a supersedeas bond. *See, e.g.*, *Feldman v. Phila. Hous. Auth.*, No. 91-5861, 1994 WL 46514, at *3 (E.D. Pa. Feb. 16, 1994) ("Depositing an amount in the registry of the district court is the 'functional equivalent of a supersedeas bond.'").

The Registry Deposit Order provides, "Defendant shall deposit the sum of $360,000 into the [Registry], in lieu of a surety bond, is approved, and enforcement of *any* judgment or award of attorneys fees and costs in this action is stayed during the pendency of any appeals." (ECF No. 168, at 2) (emphasis added). As Trustee acknowledges: "[w]here express language is unclear or absent, the case law instructs that trial courts should not release/return supersedeas funds unless an appellate court's *reversal* vacates or otherwise negates the posting party's underlying liability." (ECF No. 190, at 3) (emphasis added) (citing ***Franklinville Realty Co. v. Arnold Const. Co.***, 132 F.2d 828, 829 (5th Cir. 1943)). Here, the Fifth Circuit did not vacate the judgment of this Court— it vacated the District Court's judgment affirming this Court. *See generally* ***Matter of DeBerry***, 945 F.3d at 951. Thereafter, the District Court remanded the matter to this Court for "further proceedings in accordance with the opinion of the Court of Appeals." (ECF No. 181, at 1). The issue then becomes whether vacating the District Court's judgment relieved Whitlock of liability under § 548 and § 550(a).

Trustee argues Whitlock remains liable, relying on ***Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*** for support. 532 F.3d 1063 (10th Cir. 2008). In ***Morrison***, the appellate court did not reverse the trial court's liability finding, but vacated and remanded for retrial on the issue of damages. ***Morrison Knudsen Corp.***, 532 F.3d at 1070. Similarly, the Fifth Circuit did not revise this Court's finding that Whitlock may be held liable to return the funds. Rather, the Fifth Circuit remanded this matter to determine whether Whitlock had already satisfied her liability and obligation by returning the funds. ***Matter of DeBerry***, 945 F.3d at 950. Thereafter, the District Court directed this Court to conduct "further proceedings in accordance with the opinion of the Court of Appeals." (ECF No. 181, at 1).

Assessing liability for recovering fraudulent transfers is essentially a two-step inquiry: (1)

is the act in question an avoidable transfer under § 548; and if so, (2) which party or parties are liable to return the funds under § 550(a). Here, Whitlock concedes step one is not in dispute. *Matter of DeBerry*, 945 F.3d at 946 ("Ms. Whitlock concedes that the transfer is avoidable."). Under step two, any party who is an initial or subsequent transferee may be charged with liability to return the fraudulently transferred property. 11 U.S.C. § 550(a) (West 2020). The Fifth Circuit's opinion affirms this Court's prior finding[3] that "Ms. Whitlock received fraudulently transferred funds. She had an obligation to return the transferred funds to Mr. DeBerry, the transferor, for the benefit of his creditors." *Matter of DeBerry*, 945 F.3d at 950. The issue then becomes whether Whitlock already satisfied her liability and obligation to return the funds. This question implicates the "single-satisfaction rule" under § 550(d) and remains the sole issue for the Court to litigate on remand. Accordingly, the Court finds the Fifth Circuit's opinion did not alleviate Whitlock's liability and obligation to return the fraudulently transferred funds.

Determining how much, if any, of the fraudulently transferred funds Whitlock is obligated to return is essentially a question of damages, not liability. Therefore, Trustee's reliance on *Morrison* is well reasoned. 532 F.3d 1063 (10th Cir. 2008). At trial, the Trustee established that the transfer in question is avoidable, and that Whitlock is a party properly charged with the obligation to repay the transfer. (ECF No. 184). The Fifth Circuit agrees. *Matter of DeBerry*, 945 F.3d at 950 ("Ms. Whitlock received fraudulently transferred funds. She had an obligation to return the transferred funds to Mr. DeBerry, the transferor, for the benefit of his creditors."). Moreover, unlike in *Neely*, where express language of the bond agreement tied the supersedeas bond to a specific judgment—in that case the Fifth Circuit's judgment—here, no bond agreement exists.

---

[3] On appeal, the Fifth Circuit declined to reach Whitlock's argument that she is not a "transferee" under § 550(a). *Matter of DeBerry*, 945 F.3d at 947. Nevertheless, the Court cannot conceive of a scenario where Whitlock would have an "obligation to return the transferred funds to Mr. DeBerry, the transferor, for the benefit of his creditors[]" apart from being an initial or subsequent transferee under § 550(a). *Id.*

6

them. *Neeley*, 848 F.2d 658 at 659. Instead, the deposit is controlled by the express language of the Court's order which states "Defendant shall deposit the sum of $360,000 into the [Registry], in lieu of a surety bond, is approved, and enforcement of ***any*** judgment or award of attorneys fees and costs in this action is stayed during the pendency of any appeals." (ECF No. 168, at 2) (emphasis added). Staying enforcement of "any judgment" includes the potential future judgment Whitlock may bear on remand if she does no prevail on her argument under § 550(d). Accordingly, the Court finds Defendant Cheri Ann Whitlock's Motion to Release Monies Posted in Lieu of Supersedeas Bond (ECF No. 184) should be DENIED.

## CONCLUSION

It is therefore ORDERED that Defendant Cheri Ann Whitlock's Motion to Release Monies Posted in Lieu of Supersedeas Bond (ECF No. 184) is DENIED.

# # #